UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DAVID H. REGENBOGEN** | * | CIVIL ACTION |
| | * | |
| versus | * | No. 13-6311 |
| | * | |
| **UNITED STATES OF AMERICA, ET AL** | * | SECTION "L" (5) |

## ORDER & REASONS

Before the Court is a motion to dismiss for lack of jurisdiction, filed by the United States of America. (Rec. Doc. 11). The Court has reviewed the briefs and relevant law and now issues this order and reasons.

## I.     BACKGROUND

This lawsuit arises out of injuries that Plaintiff David Regenbogen allegedly sustained while he was on property, which he claims was maintained and owned by the United States of America, Department of Housing and Urban Development ("HUD"). Regenbogen claims that because of a hazardous condition on the property, he fell and hurt himself. (Rec. Doc. 1 at 4). Regenbogen brought this lawsuit against the United States under the Federal Tort Claims Act. (Rec. Doc. 1 at 3). He also names various other Defendants whom he claims were negligent and are jointly and severally liable for his injuries. (Rec. Doc. 1 at 4). Regenbogen alleges that "Defendant, United States of America d/b/a U.S. Department of Housing and Urban Development ("HUD") owned, had custody and had guard of the premises at issue, and knew and/or should have known about the aforementioned defects." (Rec. Doc. 1 at 8). Regenbogen asks to be compensated for pain and suffering, medical expenses, loss of enjoyment of life, lost wages, as well as other damages. (Rec. Doc. 1 at 9). In his complaint, Regenbogen claims that

he has "timely and properly followed all administrative procedural requirements, and filed a Claim for Damages, Injury or Death to the appropriate Federal Agency."  (Rec. Doc. 1 at 3). Regenbogen explains that he filed his claim with HUD on October 30, 2013, which was two days before he filed this lawsuit.

## II.     PRESENT MOTION

The United States filed a motion to dismiss for lack of jurisdiction.  (Rec. Doc. 11). The United States explains that before a lawsuit may be brought under the FTCA, a plaintiff must first exhaust his administrative remedies.  (Rec. Doc. 11-1 at 2) (citing 28 U.S.C. § 2675). The United States points out that Regenbogen filed his claim for damages with HUD on October 30, 2012, only two days before he filed the present suit.  (Rec. Doc. 11-1 at 3).  Since HUD had not yet responded, and six months had not yet elapsed, when Regenbogen filed the complaint, the United States argues that Regenbogen did not exhaust his administrative remedies.  (Rec. Doc. 11-1 at 3-4).  According to the United States, the exhaustion requirement is a jurisdictional requisite to the filing of an action under the FTCA.  (Rec. Doc. 11-1 at 3) (citing *McAfee v. 5th Cir. Judges*, 884 F.2d 199, 204 (5th Cir. 1981)).  Therefore, the United States argues that this Court lacks subject matter jurisdiction over the suit and the claims against the United States should be dismissed.  (Rec. Doc. 11-1 at 4).

Several months later, Regenbogen filed an opposition.  (Rec. Doc. 16).  Regenbogen agrees that exhaustion is a jurisdictional requisite to the filing of an action under the FTCA. (Rec. Doc. 16 at 2).  Regenbogen also agrees that his administrative remedies had not been exhausted when he filed the present lawsuit.  (Rec. Doc. 16 at 3).  However, Regenbogen claims that in March 2014, after the lawsuit was filed, he received a letter from HUD denying his administrative claim.  (Rec. Doc. 16 at 3).  Therefore, Regenbogen claims that his administrative

remedies have now been exhausted, this Court has subject matter jurisdiction over the case, and the United States' motion is now moot. (Rec. Doc. 16 at 3). Regenbogen argues that dismissing his claims against the United States will only delay his right to relief and force him to incur unnecessary expenses associated with re-filing the lawsuit. (Rec. Doc. 16 at 3).

The United States filed a reply. (Rec. Doc. 17 at 1). The United States claims that a federal court must have subject matter jurisdiction over a lawsuit from the lawsuit's inception and that failure to exhaust administrative remedies cannot be cured after the fact. (Rec. Doc. 17 at 1). The United States claims that in *McNeil v. United States*, the United States Supreme Court resolved a circuit split and held that a prematurely filed FTCA action could not proceed even though the administrative remedies were exhausted while the lawsuit was in progress. (Rec. Doc. 17 at 2-3). Accordingly, the United States argues that the case must still be dismissed, though Plaintiff will have a right to refile it if still timely. (Rec. Doc. 17 at 1).

### III.     LAW & ANALYSIS

28 U.S.C. § 2675 provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

28 U.S.C. § 2675 (a). Pursuant to this statute, an individual must present an administrative claim to the appropriate federal agency before he can file a lawsuit against the government. *See*

*Reynolds v. U.S.*, 748 F.2d 291, 292 (5th Cir. 1984). In addition, the agency must deny his claim in writing, or six months must pass, before the individual can bring such an action. *Id.* If a lawsuit is filed under the FTCA before administrative remedies have been exhausted, the court lacks subject matter jurisdiction. *See Id.*

In *McNeil v. United States*, the Supreme Court, interpreting § 2675, found that Congress "intended to require complete exhaustion of Executive remedies before invocation of the judicial process." 508 U.S. 106, 112 (1993). The Supreme Court determined that strict adherence to the statutory language is appropriate, especially in light of the fact that this statute governs the processing of a "vast multitude of claims." *Id.* at 113. With those principals in mind, the Supreme Court held that a prematurely filed FTCA lawsuit cannot proceed even if the claimant's administrative remedies are exhausted before any substantial progress has taken place in the litigation. *Id.* at 110-113; *see also Price v. U.S.*, 69 F.3d 46, 54 (5th Cir. 1995) ("An action that is filed before the expiration of the six-month waiting period, and is thus untimely, cannot become timely by the passage of time after the complaint is filed.") (citing *McNeil*, 508 U.S. 106).

In the present case, Regenbogen filed his complaint two days after he filed a claim with HUD. HUD had not responded to his claim yet and only two days had passed. It is clear that Regenbogen had not exhausted his administrative remedies when he filed the lawsuit. Therefore, this Court lacked subject matter jurisdiction over his claims. The fact that HUD has since denied his claim does not cure the jurisdictional defect.

Furthermore, finding that this Court does not have jurisdiction over Regenbogen's FTCA claim, the Court declines to exercise supplemental jurisdiction over his remaining claims. *See* 28 U.S.C.§ 1367(c) ("The district courts may decline to exercise supplemental jurisdiction

over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.).

## IV. CONCLUSION

**IT IS ORDERED** that Defendant's motion to dismiss (Rec. Doc. 11) is **GRANTED**. This lawsuit is hereby **DISMISSED** without prejudice to Plaintiff's right to refile.

New Orleans, Louisiana, this 2nd day of June, 2014.

_____
UNITED STATES DISTRICT JUDGE